141 F.3d 1178
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Securities and Exchange Commission; Plaintiff-Appellee,
v.
AMERICAN BUSINESS SYSTEMS, INC.; Jeffrey L. Casperson;
Jerome L. Casperson, Defendants,
and
Kathryn E. CASPERSON, Appellant.
Securities and Exchange Commission; Plaintiff-Appellee,
v.
Kathryn E. CASPERSON, Appellant.
and
AMERICAN BUSINESS SYSTEMS, INC.; Southwest Energy Systems,
Inc.; Western Energy Acquisitions, Inc.; Macarthur Asset
Management, Inc.,; Barry J. Zimmermann; John L. Casperson,
Jeffrey L. Casperson; Tim L. Epps; Thomas Hicks; Jerome
L. Casperson; Joseph L. Casperson, Defendants.
 No. 97-55487, 97-56287.
D.C. No. CV 94-04866-ER-JRx.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1998.
Decided Mar. 30, 1998.
 
 1
 Appeal from the United States District Court for the Central District of California Edward Rafeedie, District Judge, Presiding.
 
 
 2
 Before LAY**, GOODWIN and SCHROEDER Circuit Judges.
 
 
 3
 MEMORANDUM*
 
 
 4
 This case comprises two consolidated appeals by Kathryn Casperson. She appeals both the order to disgorge certain funds and the judgment of civil contempt for failure to comply with the order. We affirm in part, vacate in part and remand.
 
 Discussion
 
 5
 * Casperson challenges the denial of a continuance but fails to show that she has suffered prejudice. See United States v. George, 85 F.3d 1433, 1440 (9th Cir.1996) (quoting United States v. Flynt, 756 F.2d 1352, 1359, amended by, 764 F.2d 675 (9th Cir.1985)) (The appellant " 'must show at a minimum that he has suffered prejudice as a result of the denial of his request." '). We have reviewed the district court's disgorgement order on the merits and agree with its conclusions. Moreover, we have recently held that the SEC may obtain disgorgement of illegally obtained funds from non-parties that have no legitimate claim to the funds. SEC v. Colello, Slip op. 2449, 2456 (9th Cir. March 18, 1998).
 
 II
 
 6
 Casperson also appeals the contempt judgment against her. We agree with her that the contempt order should be vacated and remanded for an evidentiary hearing.
 
 
 7
 * The district court ordered Casperson to account for $26,500 in withdrawals and to produce four pieces of jewelry: an $11,000 diamond wedding ring, diamond stud earrings, a Cartier watch, and a diamond tennis bracelet. She claims that she either lost or never owned these pieces of jewelry and she cannot remember how she spent the $26,500.
 
 
 8
 The district court abused its discretion by failing to hold an evidentiary hearing to resolve the conflict between Casperson's claim that she never owned certain jewelry and her husband's claim that she did. She is entitled to an evidentiary hearing to resolve questions of credibility. United Commercial Ins. Service, Inc. v. Paymaster Corp., 962 F.2d 853, 858 (9th Cir.1993) ("Where factual questions not readily ascertainable from the declarations of witnesses or questions of credibility predominate, the district court should hear oral testimony."). Accordingly, we remand for an evidentiary hearing concerning the withdrawals and the jewelry.
 
 B
 
 9
 The district court also erred in holding Casperson in contempt for failure to account for her current sources of income. The disgorgement order does not require Casperson to make such an accounting. Indeed, the SEC disclaims that it ever asked the court to hold Casperson in contempt on this basis. Accordingly, Casperson cannot be held in contempt on the basis of her failure to account for her current sources of income.
 
 C
 
 10
 Finally, the district court held that Casperson could not assert her Fifth Amendment privilege with relation to a withdrawal of $38,100. A claim of Fifth Amendment privilege is reviewed de novo. United States v. Rubio-Topete, 999 F.2d 1334, 1338 (9th Cir.1993). To assert her Fifth Amendment privilege not to testify, Casperson must show "real and appreciable, and not merely imaginary and unsubstantial, hazards of self-incrimination." Marchetti v. United States, 390 U.S. 39, 48, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) (internal quotations and citations omitted). In a sealed document for in camera review, Casperson explained how she had spent this withdrawal. Having reviewed this document, we conclude that she has valid grounds for invoking her Fifth Amendment right not to testify. The SEC has been vigorous in pursuing these funds. Were it to learn how she spent these funds, she had good reason to believe that there would be a "real and appreciable" danger of criminal prosecution. Her Fifth Amendment claim was not a contempt.
 
 III
 
 11
 Casperson also argues that we should remand this case to a different judge. We will remand a case to a different judge only in "unusual circumstances." United States v. Arnett, 628 F.2d 1162, 1165 (9th Cir.1979). Casperson has not shown such unusual circumstances here. Accordingly, a remand to a different judge is not necessary.
 
 
 12
 The disgorgement order is AFFIRMED. The contempt order is VACATED and the cause is REMANDED for a hearing.
 
 
 13
 Each party to bear its own cost.
 
 
 
 **
 Honorable Donald P. Lay, United States Circuit Judge for the 8th Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3